IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EOWYN, CTS. DE LA VEGA,

    Plaintiff,

    v.

DEPARTMENT OF PUBLIC HEALTH and
DRUG ENFORCEMENT ADMINISTRATION,

    Defendants.

No. C 07-00062 WHA

**ORDER GRANTING
DEFENDANTS'
MOTION TO DISMISS**

    Pro se plaintiff Eowyn, Cts. de la Vega, alleges that the Department of Public Health and the Drug Enforcement Administration have intimidated, harassed and sexually abused her, placed her under surveillance and, "plundered" her social security number, public health records and the birth certificates of her children resulting in her "atomic breakage."[1] This order **DISMISSES** this case.

    Plaintiff filed the complaint in the California Superior Court Small Claims Division of San Francisco on November 16, 2006. Plaintiff's complaint consists of a California small-claims form and a handwritten declaration. Where asked on the small-claims form why the defendants owe her money, plaintiff alleged the following:

> DPH-SF CA, and DEA-SF CA have seriously violated [symbol] atomic COURTESY, SENSITIVITY, Advise and Consent against me, jactos.org. ie. sexual abuses HARM, INTIMIDATION.

---

[1] Plaintiff stated in her complaint that she was the great-granddaughter of Diego de la Vega (Zorro) and the niece of Greta Garbo von Gustafson. In her opposition, plaintiff stated that she was the granddaughter of Edward VIII. Given the familial allegations, "Cts." is likely the abbreviation for "Countess."

1  (Compl. at 3). In her declaration plaintiff alleged:

> . . . my atomic SENSITIVITY [boxed] is violated by processes HARM-STUDIO-DISPLACE [each word boxed] as known, my Social Security # has been plundered by these (2) entities, known: defendants. These violations of SENSITIVE [boxed] Advise and Consent consist of atomic PLUNDER [boxed], known: my public health records and birth certificates of my children; and EO warrants 51,5250. . .

Despite an allegation of improper service under Federal Rule of Civil Procedure 4(i)(2)(B), the DEA removed the case on January 4, 2007. On January 12, 2007, the DEA appeared specially to move for dismissal with prejudice based on lack of subject-matter jurisdiction under FRCP 12(b)(1) and for failure to state a claim under FRCP 12(b)(6). On February 22, 2007, the Court called the case twice but plaintiff failed to appear to oral argument.

Pursuant to FRCP 12(b)(1), dismissal is appropriate when the Court lacks subject-matter jurisdiction. The Court is presumed to lack subject-matter jurisdiction unless the contrary is affirmatively demonstrated. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Read in plaintiff's favor, the complaint appears to allege various tort claims against the DEA and DPH. "Federal agencies cannot be sued *eo nomine* unless so authorized by Congress in explicit language." *Pink v. Modoc Indian Health Project, Inc*., 157 F.3d 1185, 1188 (9th Cir. 1998) (internal quotations omitted). Tort claims against the United States only arise under the Federal Torts Claims Act, which provides a statutory waiver of sovereign immunity. 28 U.S.C. 1346(b). Federal agencies are not proper defendants under the FTCA; actions should be filed against the United States. 28 U.S.C. 1346(b), 2679(a). Although the judicial policy of treating pro se litigants leniently suggests allowing leave to amend, even the substitution of the United States as a defendant, would not cure the jurisdictional defects.

"The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (internal citations omitted). Section 2675(a) of the FTCA mandates that a claimant file a claim with the appropriate agency before a claimant may file a civil action. The written claim must be presented to the agency within the two year statute of limitations. 28 U.S.C. 2401(b).

2

In response to a small-claims form question inquiring if plaintiff asked the defendants to pay her before filing suit, she checked the box indicating "yes" and wrote "I have continuously notified both these entities BO KLEID of SP [circled] atomic SENSITIVITY to no avail." Plaintiff checked the box indicating that she was suing a public entity and entered "BO KLEID SP [circled] 5/16/06 UNITED NATIONS [written above date]" in response to the request for the date the written claim was filed with the entity. Failure to exhaust administrative remedies prior to filing a civil action results in a lack of subject-matter jurisdiction by the district court. *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Since plaintiff does not allege filing a written claim with the DEA, she apparently has not met the exhaustion requirement. Plaintiff filed the instant action on November 16, 2006, thus her claims may also be time barred. Plaintiff alleges the events as ongoing since September 11, 2001. Given the two-year statute of limitations for filing a tort claim with the proper federal agency, any claim accruing prior to November 16, 2004, is barred. Because plaintiff has failed to exhaust her administrative claims, the Court lacks subject-matter jurisdiction.

**CONCLUSION**

Because she is pro se, plaintiff must be given a chance to amend unless no type or degree of amendment would save her complaint. Here, the Court believes that no chance to amend need be given. Plaintiff's allegations make clear that none of her proffered theories will cure the jurisdictional defect. For that reason, the Court **GRANTS** the DEA's motion to **DISMISS PLAINTIFF'S FEDERAL CLAIMS WITHOUT LEAVE TO AMEND.**.

Since the Court lacks subject-matter jurisdiction, it is unnecessary to address the Rule 12(b)(6) motion. Pursuant to 28 U.S.C. 1367(c), the Court declines to exercise supplemental jurisdiction over the state law causes of action alleged against DPH, thus the Court **DISMISSES THE STATE CLAIMS WITHOUT LEAVE TO AMEND**. Accordingly, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3